IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NATALIE HENSHILWOOD, <br> SHAWN JONES, AND <br> PRIME TITLE AGENCY, INC. <br>     *Plaintiffs*, <br><br> V. <br><br> JP MORGAN CHASE BANK, <br> NATIONAL ASSOCIATION AND <br> JP MORGAN CHASE & CO., <br>     *Defendants*. | § § § § § § § § § § § § | Civil Action No.: 4:25-cv-1926 |

## JOINT DISCOVERY/CASE MANAGEMENT PLAN UNDER RULE 26(f) FEDERAL RULES OF CIVIL PROCEDURE

**1. State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel or self-represented litigant who attended for each party.**

The Rule 26(f) conference was held via teleconference on July 26, 2025 and continued via email through July 29, 2025. In attendance were:

For Plaintiffs:

- Philip D. Racusin, Esq., Hendershot Cowart P.C.

For Defendants:

- Stephen B. Edmundson, Esq., Greenberg Traurig, LLP

**2. List the cases related to this one that are pending in any state or federal court, with the case number and court, and state how the cases are related.**

*Dash Title Corp. v. Natalie Henshilwood and Shawn Jones*, Cause No. 2024-76160, pending in the 333rd Judicial District Court of Harris County, Texas. This case involves related parties and overlapping factual allegations concerning the business relationships and financial transactions at issue in the instant federal case.

**3. Briefly describe what this case is about.**

**Plaintiffs:** This case arises from Defendants' alleged improper handling of Plaintiffs' personal and business banking accounts. Plaintiffs allege that Defendants wrongfully permitted unauthorized access to their accounts, executed unauthorized withdrawals

totaling over $50,000, improperly closed multiple business accounts, and restricted access to banking services based on unverified third-party allegations. Plaintiffs assert claims for breach of contract, violations of federal banking regulations (EFTA and TILA), negligence, gross negligence, conversion, and violations of the Texas Deceptive Trade Practices Act. Plaintiffs seek actual damages, statutory damages, exemplary damages, and attorney's fees.

Plaintiffs intend to file an Amended Complaint that will, at minimum, eliminate certain claims and replead others.

**Defendants:**

Plaintiffs sue JPMorgan Chase Bank, N.A. and JP Morgan Chase & Co. (collectively, "Chase") for the fallout from a dispute between themselves and their former business partner, Veronica Corona. Plaintiffs claim they never completed the sale of their interest in a company called "Dash Title" ("Dash") to Corona, so Chase should not have allowed various transactions. However, agreements *on file with Chase* and *signed by Plaintiffs* reflect that, at all relevant times, Corona was an authorized signer on the accounts. Plaintiffs did not attach or reference Chase's applicable Deposit Account Agreements or signer authorization forms in their pleadings, but the Court can consider them because they are central to Plaintiffs' claims. Under the agreements, any authorized signer may "close accounts or do anything else" and "sign any agreements or documents" with regard to the accounts. Chase's contracts allowed it to follow Corona's instructions and take the other complained-of remedial measures. The contracts and related documents preclude Plaintiffs' claims. Also, although Plaintiffs assert multiple statutory and common law theories of recovery, all are rooted in Chase's alleged wrongful acts with regard to Dash's and Plaintiffs' accounts. Thus, Chase's contracts govern and bar all of Plaintiffs' claims. Chase intends to file a motion to dismiss under FED. R. CIV. P. 12(b)(6).

Also, JP Morgan Chase & Co. is a holding company. Plaintiffs do not allege a theory of recovery against it. Courts routinely dismiss JP Morgan Chase & Co. under these circumstances.

Chase will file a letter requesting a pre-motion conference, per Court Procedure 6(B)(i), before filing its motion to dismiss.

**4. Identify any issues as to service of process, personal jurisdiction, or venue.**

None. Service was properly effectuated on both Defendants on April 4, 2025. Defendants have appeared and have not contested personal jurisdiction or venue.

**5. Federal jurisdiction.**

**a. Specify the allegation of federal jurisdiction.**

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) based on Plaintiffs' claims under the Electronic Fund Transfer Act, 15 U.S.C. § 1693 et seq., and the Truth in Lending Act, 15 U.S.C. § 1601 et seq. The Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

At this time, federal jurisdiction is based on federal question, not diversity. However, after Plaintiffs file an Amended Complaint, federal jurisdiction may be based on diversity alone.

**b. Identify the parties, if any, who disagree with the plaintiff's federal jurisdictional allegations, and state their reasons.**

The parties agree that this Court has jurisdiction over the matters alleged in the Complaint on file in this matter.

**c. If federal jurisdiction is based on diversity of citizenship and any of the parties is a limited liability entity, please state the citizenship of each of the members of the limited liability entity. When members of a limited liability entity are themselves entities or associations, citizenship must be traced through however many layers of members there are until arriving at the entity that is not a limited liability and identifying its citizenship.** *See Acadian Diagnostic Labs., L.L.C. v. Quality Toxicology, L.L.C.*, **965 F.3d 404, 408 fn.1 (5th Cir. 2020).**

At this time, federal jurisdiction is based on federal question, not diversity. However, after Plaintiffs file an Amended Complaint, federal jurisdiction may be based on diversity alone.

None of the Parties are limited liability entities.

**6. List anticipated additional parties that should be included, and by whom they are wanted.**

The parties do not anticipate adding additional parties at this time. However, Plaintiffs and Defendants reserve the right to seek leave to add parties if discovery reveals additional responsible parties.**7. List anticipated interventions.**

None anticipated at this time.

**8. Describe class-action or collective-action issues.**

This is not a class action or collective action.

**9. State whether each party has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures and the dates.**

Initial disclosures have not yet been made. The parties propose to exchange initial disclosures within the latter of the following: (1) 30 days after the Court rules on Defendants forthcoming motion to dismiss, or (2) 30 days after Defendants file their answer to Plaintiffs' anticipated Amended Complaint, or, (3) in the event that Defendants file a motion to dismiss Plaintiffs' anticipated Amended Complaint, 30 days after the Court rules on Defendants' motion to dismiss Plaintiffs' anticipated Amended Complaint.

**10. If the case includes a claim for attorneys' fees, state whether the parties agree to submit the fees issue to the court for resolution on affidavits or declarations, after the other issues are resolved.**

> Plaintiffs seek attorney's fees under multiple statutory provisions. The parties agree to submit the attorney's fees issue to the Court for resolution on affidavits or declarations after resolution of liability and damages issues.

**11. Describe the proposed discovery plan, including:**

> **a. Responses to the matters raised in Rule 26(f), including any agreements (and disputes) concerning electronic and other discovery.**
>
> The parties agree that:
>
> - Discovery will be governed by Federal Rules of Civil Procedure 26-37
>
> - The parties have agreed to the following regarding production of Electronically Stored Information (ESI).
>
>   - Each party shall take reasonable steps to preserve all relevant ESI that is in their possession, custody or control.
>
>   - Parties shall take necessary measures to prevent the destruction or alteration of ESI, including issuing litigation hold notices to relevant custodians.
>
>   - Parties shall produce ESI in the form in which it is ordinarily maintained or in a reasonably usable format.
>
>   - Parties are responsible for their own costs of translating any ESI. ESI will be produced in the language in which it is maintained.
>
>   - Parties may propound document requests specifically seeking ESI by naming a custodian and identifying search terms. If the search terms are overbroad such that responsive documents would be unduly numerous and burdensome to collect and produce, the responding party shall so notify the requesting party within 14 days of receiving any ESI request. The parties shall thereafter negotiate appropriate search terms in good faith, with the objective to complete production of responsive ESI within 30 days of any such ESI request.
>
> - The parties will meet and confer regarding search terms and custodians for ESI before production
>
> - Inadvertently produced privileged materials will be handled pursuant to FED. R. EVID. 502

> **b. Any threshold issues−such as limitations, jurisdiction, or immunity−that should be scheduled for early resolution, what discovery targeted to those issues may need to occur early, and how long this targeted discovery will take.**
>
> To be determined within the latter of (1) 30 days after the Court rules on Defendants forthcoming motion to dismiss, or (2) 30 days after Defendants file their answer to Plaintiffs' anticipated Amended Complaint, or, (3) in the event that Defendants file a motion to dismiss Plaintiffs' anticipated Amended Complaint, 30 days after the Court rules on Defendants' motion to dismiss Plaintiffs' anticipated Amended Complaint, whichever is later.

**12. Experts**

> **a. Are experts needed on issues other than attorneys' fees?**
>
> Potentially. Plaintiffs anticipate that expert testimony may be needed regarding banking industry standards and practices, damages calculations, and credit scoring impacts. Defendants reserve the right to designate experts.
>
> **b. If medical experts are needed, identify whether they are only treating physicians or also designated on other issues.**
>
> Not applicable at this time.
>
> **c. The date the party with the burden of proof on an issue will be able to designate experts and provide the reports required by Rule 26(a)(2)(B).**
>
> Plaintiffs propose expert designations and reports be due 90 days before trial.
>
> **d. The date the opposing party will be able to designate responsive experts and provide the reports required by Rule 26(a)(2)(B).**
>
> Defendants propose that their expert designations and reports be due 60 days before trial.

**13. State the date discovery can reasonably be completed.**

> The parties anticipate that discovery, if any, can be completed by 6 months from the latter of (1) 30 days after the Court rules on Defendants' forthcoming motion to dismiss, or (2) 30 days after Defendants file their answer to Plaintiffs' anticipated Amended Complaint, or, (3) in the event that Defendants file a motion to dismiss Plaintiffs' anticipated Amended Complaint, 30 days after the Court rules on Defendants' motion to dismiss Plaintiffs' anticipated Amended Complaint.

**14. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

**Plaintiffs:**

Deferred pending motion and potential answer practice described above.

**Defendants:**

Deferred pending motion and potential answer practice described above.

**15. Specify the discovery beyond initial disclosures that has been undertaken to date.**

No formal discovery has been conducted. However, the parties have engaged in multiple substantive conferences regarding the claims and evidence. Plaintiffs have provided Defendants with information regarding specific transactions. Defendants have provided selected documents, including contracts between certain parties, a corporate resolution for Dash Title, and documentation of authorized signers on various accounts.

**16. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting or have emerged since then.**

The parties have engaged in preliminary discussions to work towards a resolution and remain open to working towards a resolution. The parties are willing to participate in mediation at an appropriate time after initial disclosures and some discovery has been completed.

**17. From the attorneys' discussion with the clients, state the alternative dispute resolution techniques that are reasonably suitable and when they are likely to be effective in this case.**

The parties believe mediation would be the most appropriate form of ADR for this case. The parties propose mediation occur after core discovery is completed but before expert discovery.

**18. With the consent of all parties, a United States Magistrate Judge may preside and hear jury and non-jury trials. Indicate the parties' joint position on a trial before the Magistrate Judge.**

The parties do not consent to trial before a Magistrate Judge.

**19. State whether a jury demand has been made and if it was made on time.**

Plaintiffs made a timely jury demand in their Original Petition. Defendants have not waived their right to jury trial.

**20. Specify the number of hours it will likely take to present the evidence.**

Plaintiffs estimate trial will require approximately 2-3 days (16-24 hours) to present evidence. Defendants estimate that trial would require 1-2 days (8-16 hours) to present evidence.

**21. List pending motions that may be ruled on at the initial pretrial and scheduling conference.**

> None at this time. Defendants' deadline to respond to the Original Petition has been extended to July 30, 2025. Defendants intend to file a pre-motion letter and a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6), and Plaintiffs intend to file an Amended Complaint that may moot any anticipated motion practice on the Original Petition.

**22. List other pending motions.**

> The Court has yet to rule on Plaintiffs' <u>Agreed</u> Motion for Extension of Time for Defendants to File Answer or Responsive Pleading and to Extend or Revise Scheduling and Docket Control Order Deadlines or Other Pending Court Deadlines (Doc 10; filed June 10, 2025), which was filed to accommodate pre-motion conference discussions as required by this Court's Procedures.

**23. List issues or matters, including discovery, that should be addressed at the conference.**

- Defendant's pre-motion letter and forthcoming motion to dismiss.
- Scheduling order deadlines
- Scope of discovery and any limitations
- Timing of Plaintiffs' Amended Complaint
- Protective order for confidential financial information
- Procedures for handling financial records and account statements

**24. Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments. DO NOT STATE THAT THE DISCLOSURE OF INTERESTED PARTIES WILL BE FILED IN THE FUTURE.**

> Defendants filed their Disclosure of Interested Parties on May 16, 2025 [Doc. 8]. Plaintiffs filed their Disclosure of Interested Parties on July 29, 2025 [Doc. 11].

Respectfully submitted,

**HENDERSHOT COWART P.C.**

By: */s/ Simon W. Hendershot, III*
SIMON W. HENDERSHOT, III
State Bar No. 09417200
trey@hchlawyers.com
Philip D. Racusin
State Bar No. 24054267
pracusin@hchlawyers.com
1800 Bering Drive, Suite 600
Houston, Texas 77057
Telephone: (713) 783-3110
Facsimile: (713) 783-2809
E-Service:
trey@hchlawyers.com;
pracusin@hchlawyers.com;
paralegals@hchlawyers.com; and

**ATTORNEYS FOR PLAINTIFFS**

*/s/ Jennifer Tomsen*
Jennifer Tomsen
Texas Bar No. 24064535
tomsenj@gtlaw.com
Stephen Edmundson
Texas Bar No. 00796507
edmundsons@gtlaw.com
GREENBERG TRAURIG, LLP
1000 Louisiana Street, Suite 6700
Houston, Texas 77002
Telephone: 713.374.3500
Facsimile: 713.374.3505

**ATTORNEYS FOR DEFENDANTS**

4896-3014-7673, v. 4