**GT** GreenbergTraurig

JENNIFER TOMSEN, ESQ.
DIRECT DIAL: 713.374.3610
E-Mail Address: *tomsenj@gtlaw.com*

July 30, 2025

The Honorable George C. Hanks, Jr.                (*VIA ELECTRONIC FILING*)
United States District Judge
515 Rusk St., Room 6202
Houston, Texas 77002

**Re:    *Henshilwood et al. v. JP Morgan Chase Bank, N.A. et al.;*
           *Case No. 4:25-cv-01926***

**REQUEST FOR PRE-MOTION CONFERENCE (Court Procedure 6(B)(i))**

Dear Judge Hanks:

Defendants seek the Court's leave to file a 12(b)(6) motion to dismiss on the grounds that none of Plaintiffs' claims is sufficiently pled and multiple claims are contradicted by applicable contracts and other evidence the Court may review on a motion to dismiss.

Plaintiffs sue Defendants JPMorgan Chase Bank, N.A. and JP Morgan Chase & Co ("Chase") for the fallout from a dispute between themselves and their former business partner, Veronica Corona. Plaintiffs claim they never completed the sale of their interest in a company called "Dash Title" ("Dash") to Corona, so Chase should not have allowed various transactions. However, agreements *on file with Chase* and *signed by Plaintiffs* reflect that, at all relevant times and for all disputed transactions, Corona was an authorized signer on the accounts. Although Plaintiffs assert multiple statutory and common law theories of recovery, all are rooted in Chase's alleged wrongful acts with regard to Dash's and Plaintiffs' accounts. Thus, Chase's contracts govern and bar all of Plaintiffs' claims.

**Bases for Dismissal**

Chase intends (and is ready) to file a motion to dismiss under FED. R. CIV. P. 12(b)(6) on the following bases:

- **Insufficient Clarity/Facts Overall.** Plaintiffs fail to plead facts that would enable the Court (and Chase) to identify any allegedly wrongful conduct. Plaintiffs do not plead timing of required notice, and do not plead which transactions go with which theories of recovery. *See, e.g., In re Ditech Holding Corp.*, 2024 WL 3249957, \*6 (dismissing plaintiff's contract and TILA claims for not pleading facts that would support relief).

1

ACTIVE 713399914v1

**GT** GreenbergTraurig

- **Inadequately Pled Contract Claim.** Plaintiffs do not identify contracts or specific provisions allegedly breached, and the contracts and related documents which Chase *will* file negate the claims. *See*, *e.g.*, *Newhouse v. JPMorgan Chase Bank, N.A.*, No. 4:18-CV-0836, 2018 U.S. Dist. LEXIS 206417, at *8 (S.D. Tex. 2018) (plaintiff cannot rely on vague allegations but must plead specific provisions of the contract that were breached).

- **Insufficiently Pled Violations of Electronic Funds Transfer Act (EFTA).** The EFTA applies to consumer accounts and fully electronic transactions.  15 U.S.C. § 1693. Plaintiffs do not plead sufficient facts to establish any right to EFTA recovery, nor do they plead required notice dates.

- **The Truth in Lending Act (TILA) Does Not Apply To the Credit Card Transactions At Issue.** TILA applies only to credit transactions secured by real or personal property used or expected to be used as the principal dwelling of the debtor.  § 104, 15 U.S.C.A. § 1603; 12 C.F.R. § 226.3(b). Plaintiffs complain of Dash business card transactions, which are not covered by TILA. Even if TILA did apply, Plaintiffs do not identify specific facts to support a TILA claim.

- **Plaintiffs Fail to State Viable Negligence and Gross Negligence Claims.** The economic loss rule bars these claims because they seek to recover for damage to the subject matter of a contract. *Jim Walters Homes, Inc.*, 711 S.W.2d 617 618 (Tex. 1986). Nor have Plaintiffs sufficiently pleaded proximate cause.  Plaintiffs have not pleaded facts to support gross negligence (*e.g.*, "extreme degree of risk"). *Medina v. Zuniga*, 593 S.W.3d 238, 241 (Tex. 2019).

- **Plaintiffs Do Not Plead A Viable Conversion Claim, and Such Claim Is Barred By the Economic Loss Rule.** Because Corona was an authorized signer on the Dash account, her instructions were lawful and authorized. Moreover, Chase is not "holding" the disputed funds. *Sanchez v. Bank of S. Tex.*, 494 F. Supp. 3d 421, 439 (S.D. Tex. 2020). Also, the economic loss rule bars the claim because it relates to the subject of a contract and involves contractual duties. *See, e.g.*, *Exxon Mobil Corp. v. Kinder Morgan Operating L.P.*, 192 S.W.3d 120, 128 (Tex. App.—Houston [14th Dist.] 2006, no pet.)

- **Plaintiffs' DTPA Claim Is Not Adequately Pled and Is Barred By the Economic Loss Rule.** Plaintiffs must plead their DTPA claim with particularity under FED. R. CIV. P. 9(b); *Curtis v. Cerner Corp.*, 621 B.R. 141, 167 (S.D. Tex. 2020), which they have not done. Also, credit card holders are not DTPA consumers. *Cushman v. GC Servs., LP*, 657 F. Supp. 2d 834, 843 (S.D. Tex. 2009). Also, the economic loss rule bars this claim because it is based on conduct governed by contracts.

- **UCC Article 4A Preempts Plaintiffs' Claims Regarding Wire Transfers.** Article 4A preempts Plaintiffs' claim for improper reversal of a wire transfer. *Moody Nat. Bank v.*

2

**GT GreenbergTraurig**

*Texas City Dev., Co.*, 46 S.W.3d 373, 377-78 (Tex. App.—Houston [1st Dist.] 2012, pet. denied).

• **Claims Regarding TaxCertTexas LLC or Dash Transactions Fail Because Plaintiffs Have Not Shown Standing To Sue.** *See, e.g.*, *El T. Mexican Rests., Inc. v. Bacon*, 921 S.W.2d 247, 253 (Tex. App.—Houston [1st Dist.] 1995, writ denied).

• **Plaintiffs Do Not Adequately Plead Entitlement to Mental Anguish Damages.** Mental anguish damages cannot arise from a mere breach of contract. *City of Tyler v. Likes*, 962 S.W.2d 489, 498 (Tex. 1997). Nor has Plaintiff pleaded more than mere aggravation or frustration, which falls well short of mental anguish. *Parkway Co. v. Woodruff*, 901 S.W.2d 434, 444 (Tex. 1995).

• **JPMorgan Chase & Co. Must Be Dismissed.** Courts routinely dismiss parent company JPMorgan Chase & Co. as a party where it is named merely as a holding company of Chase. *See, e.g., E.J. Chin Realty Corp. v. JPMorgan Chase Bank, N.A.*, 2024 U.S. Dist. LEXIS 10868, at *1-2 (S.D.N.Y. Jan. 22, 2024).

**Conference Efforts.** Counsel for Chase has conferred with Plaintiffs' counsel several times in the hope of narrowing and/or eliminating claims. To that end, Chase has provided certain relevant documents and has agreed to multiple extensions to accommodate Plaintiffs' review. Although Plaintiffs continue to indicate an intent to re-plead, they have not yet done so. Accordingly, Chase now seeks to file its Motion to Dismiss. Plaintiffs oppose dismissal of their claims.

Sincerely,

Jennifer Tomsen

JT/sbe
cc:   Philip Racusin, counsel for Plaintiffs

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a true and correct copy of the foregoing was served upon all parties of record via the Court's ECF filing system on July 30, 2025.

*/s/ Jennifer Tomsen*
Jennifer Tomsen

3