**GT GreenbergTraurig**

**JENNIFER TOMSEN, ESQ.**
DIRECT DIAL: 713.374.3610
E-Mail Address: *tomsenj@gtlaw.com*

September 12, 2025

The Honorable George C. Hanks, Jr.        (*VIA ELECTRONIC FILING*)
United States District Judge
515 Rusk St., Room 6202
Houston, Texas 77002

Re:   Henshilwood et al. v. JP Morgan Chase Bank, N.A.;
      Case No. 4:25-cv-01926

**REQUEST FOR PRE-MOTION CONFERENCE (Court Procedure 6(B)(i))**

Dear Judge Hanks:

Defendant seeks the Court's leave to file a 12(b)(6) motion to dismiss. Even after repleading twice, Plaintiffs still fail to plead their claims sufficiently, and multiple claims are contradicted by applicable contracts and other evidence the Court may review.

Plaintiffs sued Defendant JPMorgan Chase Bank, N.A. ("Chase") for the fallout from a dispute between themselves and their former business partner, Veronica Corona. Plaintiffs claim they never completed the sale of their interest in a company called "Dash Title Corp" ("Dash") to Corona, so Chase should not have allowed various transactions. However, Plaintiffs *admit* that Corona was an authorized signer on the relevant accounts even before the sale, and the applicable contracts thereby authorized Corona, at all relevant times, to take the actions Plaintiffs complain of. The contracts govern here, to the exclusion of Plaintiffs' tort claims, because all the disputed transactions—withdrawals, reversals, transfers, and account closures—relate to Chase's handling of the transactions in accounts at Chase governed by Deposit Account Agreements.

The 38-page complaint relies on grievance and conclusory statements but still fails to meet basic pleading requirements, such as identifying a basis for the obligations and breaches Plaintiffs allege, and identifying facts rather than speculation about what Chase must have done. It should be dismissed with prejudice.

**Bases for Dismissal**

Chase seeks leave to file a Rule 12(b)(6) Motion to Dismiss because:

- **Contract Claim Does Not Identify Specific Provisions Breached.** Plaintiffs

1

**GT GreenbergTraurig**

make conclusory reference to alleged contract obligations but quote no actual language, and the contracts themselves negate certain allegations. *See, e.g.*, *Newhouse v. JPMorgan Chase Bank, N.A.*, No. 4:18-CV-0836, 2018 U.S. Dist. LEXIS 206417, at *8 (S.D. Tex. 2018) (plaintiff cannot rely on vague allegations but must plead specific provisions of the contract that were breached). For example, Plaintiffs contend Chase was required to notify them before they were removed as authorized signers on Dash accounts, but they do not identify any provision that requires such notice. Instead, they admit that "…the Account Agreements allow Chase to act on proper instructions…" (¶ 47(g)). As another example, Plaintiffs claim that Chase failed to investigate errors within a 10-business day timeframe (¶ 47(e)) – but they do not plead, as they must, the actual dates of notice.

- **Dash is Not a Plaintiff and Plaintiffs Have Not Shown Standing To Sue on Dash's Behalf.** *See, e.g.*, *El T. Mexican Rests., Inc. v. Bacon*, 921 S.W.2d 247, 253 (Tex. App.—Houston [1st Dist.] 1995, writ denied).

- **Plaintiffs Fail to State Viable Negligence and Gross Negligence Claims.** The economic loss rule bars these claims because they seek to recover for damage to the subject matter of a contract. *Jim Walters Homes, Inc.*, 711 S.W.2d 617 618 (Tex. 1986). Plaintiffs *admit* that all accounts at issue "were governed by written account agreements" (¶ 15), and accordingly, the transactions at issue are all "the subject matter of a contract." Nor have Plaintiffs sufficiently pleaded that Chase is the proximate cause of their harm, given their acknowledged feud with Corona, who they admit was an authorized signer on the Chase accounts. Further, Plaintiffs have not pleaded sufficient facts to support gross negligence (*e.g.*, "extreme degree of risk"). *Medina v. Zuniga*, 593 S.W.3d 238, 241 (Tex. 2019).

- **Insufficiently Pled Violations of Electronic Funds Transfer Act (EFTA).** The EFTA applies to consumer accounts and <u>fully electronic</u> transactions. 15 U.S.C. § 1693. Plaintiffs do not plead sufficient facts to establish any right to EFTA recovery, nor, despite their pleadings amendment, do they adequately plead <u>required</u> dates of notice.

- **Plaintiffs Do Not Plead A Viable Conversion Claim, and Such Claim Is Barred By the Economic Loss Rule.** Because Corona was an authorized signer on the Dash account, as Plaintiffs admit, her instructions were lawful and authorized. Moreover, Chase is not "holding" the disputed funds, nor did Chase "exercise dominion" over funds transferred from one customer account to another. *Sanchez v. Bank of S. Tex.*, 494 F. Supp. 3d 421, 439 (S.D. Tex. 2020). Also, the economic loss rule bars the claim because it relates to the subject of a contract and involves contractual duties. *See, e.g.*, *Exxon Mobil Corp. v. Kinder Morgan Operating L.P.*, 192 S.W.3d 120, 128 (Tex. App.—Houston [14th Dist.] 2006, no pet.).

- **Plaintiffs' DTPA Claim Is Not Adequately Pled and Is Barred By the Economic Loss Rule.** The economic loss rule also bars this claim because it is based on conduct governed by contracts. *BCC Merch. Sols., Inc. v. Jet Pay, LLC*, 129 F. Supp. 3d 440, 469

(N.D. Tex. 2015); *see also Shakeri v. ADT Sec. Servs., Inc.*, 816 F.3d 283, 295 (5th Cir. 2016) (quotation and citation omitted) (holding breach of contract allegations, without more, do not constitute DTPA 'false, misleading or deceptive' acts; question is whether unconscionable conduct could have resulted in absence of contract). Also, Plaintiffs must plead their DTPA claim with particularity under FED. R. CIV. P. 9(b); *Curtis v. Cerner Corp.*, 621 B.R. 141, 167 (S.D. Tex. 2020), which, even after amending their pleadings and asserting vague and conclusory "who, what, when" allegations, they have not done.

- **UCC Article 4A Preempts Plaintiffs' Claims Regarding Wire Transfers.** UCC Article 4A preempts Plaintiffs' other alleged theories of recovery for improper reversal of a wire transfer, including but not limited to their negligence claim, which expressly complains of a wire transfer, and any others. *Moody Nat. Bank v. Texas City Dev., Co.*, 46 S.W.3d 373, 377-78 (Tex. App.—Houston [1st Dist.] 2012, pet. denied).

- **Plaintiffs Do Not Adequately Plead Entitlement to Mental Anguish Damages.** Mental anguish damages cannot arise from a mere breach of contract. *City of Tyler v. Likes*, 962 S.W.2d 489, 498 (Tex. 1997). Nor has Plaintiff pleaded more than mere aggravation or frustration, which falls well short of the standard for showing mental anguish. *Parkway Co. v. Woodruff*, 901 S.W.2d 434, 444 (Tex. 1995).

- **Insufficient Clarity/Facts Overall.** Although Plaintiffs have lengthened their complaint, their claims remain conclusory, vague, and confusing, including which transactions go with which theories of recovery. *See, e.g., In re Ditech Holding Corp.*, 2024 WL 3249957, *6 (dismissing claims for not pleading facts supporting relief).

**Conference Efforts.** Counsel for the parties have conferred several times. Chase has provided certain relevant documents and has agreed to multiple extensions to accommodate Plaintiffs' review. Multiple bases for dismissal remain despite Plaintiffs' attempt to replead twice. Accordingly, Chase now seeks to file its Motion to Dismiss. Plaintiffs oppose dismissal of their claims.

Sincerely,

*/s/ Jennifer Tomsen*

Jennifer Tomsen

JT/sbe
cc:   Philip Racusin, counsel for Plaintiffs



## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served upon all parties of record via the Court's ECF filing system on September 12, 2025.

*/s/ Jennifer Tomsen*
Jennifer Tomsen