# EXHIBIT H

Case 4:25-cv-01926   Document 35-8   Filed on 11/03/25 in TXSD   Page 2 of 10

10/31/2024 10:10 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 93779912
By: Alexis Burks
Filed: 10/31/2024 10:10 AM

CAUSE NO. _____

| | | |
|---|---|---|
| **DASH TITLE CORP,** | § | IN THE DISTRICT COURT |
| *Plaintiff,* | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| **NATALIE HENSHILWOOD and** | § | |
| **SHAWN JONES,** | § | |
| *Defendants.* | § | ____ JUDICIAL DISTRICT |

**PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR TEMPORARY RESTRAINING ORDER AND TEMPORARY INJUNCTION**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Dash Title Corp, Plaintiff in the above-styled cause of action, and files this, Plaintiff's Original Petition ("Motion"). For good cause, and in support of same, Plaintiff would respectfully show this Court as follows:

**I.
Factual History**

1. Plaintiff is an entity doing business in Texas. Defendants are former owners of Dash Title Corp. Defendant Shawn Jones originally formed Dash Title Corp. and Defendant Natalie Henshilwood was a member of Dash Title Corp. Defendants sold their interest in Dash Title Corp. effective August 14, 2024. Since the Defendants sold their interest, Defendant Natalie Henshilwood has caused numerous checks, bank transfers, and other methods of payment to be sent to her personal bank accounts. Two police reports have been filed. This lawsuit follows.

2. Defendants Henshilwood and Jones are both named defendants in a lawsuit in Harris County, Texas. *Rolan Rodriguez, Roberto Paredes, & Home Front Title Corp v. Natalie Henshilwood, Shawn Jones & ICCUG, Inc.*, Cause Number 2023-18097, 334th District Court, Harris County, Texas. In *Home Front Title Corp*, the Defendants Henshilwood and Jones are

Plaintiff's Original Petition — Page 1

former partners of the Plaintiff and the Defendants Jones and Henshilwood stole numerous funds from Plaintiff. The Defendants paid themselves by company checks without authorization as follows.

    a. On August 15, 2024, Defendant Henshilwood paid herself $40,840.39 through Plaintiff's payroll provider, Gusto.

    b. On September 17, 2024, Defendant Henshilwood transferred $28,571.60 from the Plaintiff's escrow account and into the operating account and then deposited $31,127.52 into Defendant Shawn Jones' Chase account

    c. On September 19, 2024, Defendant Henshilwood initiated an online transfer to Defendant Shawn's Chase account in the amount of $1407.27.

    d. On September 25, 2024, Defendant Henshilwood initiated another online transfer to Defendant Shawn's Chase Account in the amount of 1248.62.

    e. On September 24, 2024, Natalie paid $807.00 to Defendant Shawn Jones's Credit Card Ending in 1551.

    f. On September 30, 2024, Defendant Henshilwood drafted $12,169.17 from the Plaintiff's Escrow account to pay Defendant Shawn's Chase Credit ending in 1551.

3. The Defendants have continued their history of theft against Dash Title Corp.

## II.
## Parties

4. Plaintiff Dash Title Corp. ("Plaintiff") is a Texas Company doing business in the State of Texas and may be served through counsel listed below.

5. Defendants Natalie Henshilwood and Shawn Jones, are Texas residents and may be served at their home 11639 Whitewave Bend Court, Cypress, Texas 77433 or wherever they may be found.

## III.
## Venue and Jurisdiction

6. Venue is proper in Harris County, Texas pursuant to Texas Civil Practice and Remedies Code § 15.002 as all or substantially all of the events or omissions giving rise to the claims asserted herein occurred in Harris County, Texas.

7. Jurisdiction is proper as all damages sought by Plaintiff in this action are within the jurisdictional limits of this Court. This Court has personal jurisdiction over Defendants.

## IV.
## Theft by Check/Theft Liability Act

8. Defendants unlawfully wrote checks on Plaintiff's bank account to get access to Plaintiff's funds. Plaintiff never authorized Defendants to sign self-serving checks and never authorized any payment of expenses to Defendants. This was simply never approved. Defendants did indeed intend to deprive Plaintiff of their money since Defendants wrote checks to themselves and deposited those checks in their accounts. Defendants refused to give the funds back, despite being demanded by Plaintiff to refund the amounts.

### Uniform Fraudulent Transfer Act

9. Defendants are in violation of § 24.005(a)(1) of the Texas Business & Commerce Code in that Defendants fraudulently transferred the funds from Plaintiff's accounts to themselves, after or within a reasonable time before Plaintiff' claim was made with the actual intent to hinder, delay, or defraud Plaintiff, thereby damaging Plaintiff. Plaintiff could not recover the funds that Defendants owed Plaintiff once Defendants transferred those to another account held by Defendants. Pursuant to § 24.005(a)(1) of the Texas Business & Commerce Code, "a transfer made or obligation incurred by a debtor is fraudulent to a creditor . . . if the debtor made the transfer or incurred the obligation . . . with actual intent to hinder, delay or defraud any creditor of the debtor."

Defendants' transfer of Plaintiff's funds to Defendants' accounts hindered Plaintiff's ability to get the funds back. Once Defendants had the funds in their own account, they were out of reach from Plaintiff.

10.    Defendants are also in violation of § 24.005(a)(2) because the transfers made from Plaintiff's bank accounts were fraudulently transferred to Defendants without receiving a reasonably equivalent value in exchange for the transfer or obligation, and Defendants were engaged or were about to engage in a business or transaction for which the remaining assets of Defendants were unreasonably small in relation to the business transaction or Defendants intended to incur, or believed or reasonably should have believed that they would incur, debts beyond Defendants' ability to pay as they became due. Plaintiff did not owe any money to Defendants and Defendants never offered anything of value to Defendants. Plaintiff was harmed by the actions of Defendants.

**Breach of Fiduciary Duty**

11.    Here, Henshilwood was a business partner of Plaintiff. There was no company agreement amongst the parties that restricted the fiduciary duties or eliminated them. Henshilwood's fiduciary duties are still intact. Henshilwood breached that duty by acting in her own interest, not in the best interests of Plaintiff. The funds that Defendants took hampered Plaintiff's' ability to run the business and operate effectively. Henshilwood benefited herself while hurting Plaintiff's' cash flow and business operations. Defendants directly took the funds from Plaintiff the funds were taken from accounts belonging to Plaintiff and were placed in accounts belonging to Defendants. Plaintiff were damaged by the actions of Defendants. This amount was taken by Defendants and put into their own accounts. If Henshilwood had not been a member with fiduciary duties owed to

Plaintiff, Henshilwood would not have been able to sign checks taking funds from Plaintiff's' account.

### Harmful Access by Computer

12. Plaintiff was injured and whose property has been injured as a result of a violation of chapter 33 of the penal code as the action was conducted knowingly and intentionally.

### Fraud by Nondisclosure

13. Defendants made transfers from Plaintiff's' accounts without telling Plaintiff. Defendants took money from Plaintiff without seeking Plaintiff's' authorization or approval. Had Defendants notified Plaintiff of these actions, Plaintiff would not have allowed the unlawful transfers.

14. Defendants did not tell Plaintiff she was stealing their money and instead kept that to herself. Plaintiff did not have access to the checks that Defendants wrote out of Plaintiff's' accounts and Plaintiff did not know those checks were being taken by Defendants. Defendants intended for Plaintiff to take no action because if Plaintiff had known, they could have stopped checks from being written from their bank accounts. Instead, Defendants wrote the unlawful checks and immediately cashed them all without Plaintiff ever having a chance of discovery. Plaintiff was harmed by the actions of Defendants.

### Unjust Enrichment

15. The Unjust enrichment occurs when the person sought to be charged has wrongfully secured a benefit or has passively received one which it would be unconscionable to retain. A person is unjustly enriched when he obtains a benefit from another by fraud, duress, or the taking of an undue advantage.

16. Unjust enrichment characterizes the result or failure to make restitution of benefits received under such circumstances as to give rise to an implied or quasi-contract to repay. Recovery under

unjust enrichment is an equitable right and is not dependent on the existence of a wrong. Here, Defendants were enriched in money taken they were not authorized to take. This sum was taken by Defendants from Plaintiff. Plaintiff was harmed by the actions of Defendants.

### Conversion

17. Plaintiff owned or had possession of the property or entitlement to possession; (2) the defendant unlawfully and without authorization assumed and exercised control over the property to the exclusion of, or inconsistent with, the plaintiff's rights as an owner; (3) the plaintiff demanded return of the property; and (4) the defendant refused to return the property. To recover for conversion, a plaintiff must also prove damages that are the proximate result of the defendant's conversion.

### Money Had and Received

18. Defendant holds money, and the money in equity and good conscience belongs to the Plaintiff. A money-had-and-received claim is not premised on wrongdoing, but seeks to determine to which party, in equity, justice, and law, the money belongs.

19. Defendants took those funds. Defendants deposited those funds into various accounts held in the Defendants' names. Defendants refused to return the funds and claimed that they owned the funds themselves.

### Conspiracy

20. As described above in length, the Defendants took these funds from Plaintiff and had no authority to do so. All of Plaintiff's causes of action could lead to joint and several liability for Defendants. These unlawful acts are in their theft, conversion, money had and received, unjust enrichment, breach of fiduciary duty, and fraud by nondisclosure.

21. Conspiracy requires: 1) a combination of two or more persons, 2) to accomplish an objective which is an unlawful purpose or of a lawful purpose by unlawful means, 3) a meeting of the minds on the object or course of action, 4) one or more unlawful acts, and 5) damages as the proximate result.

22. Defendants purposefully took funds from Plaintiff and transferred funds from Plaintiff's accounts, accounts that did not belong to Defendants. Plaintiff was harmed by Defendants' actions.

23. Plaintiff was damaged as follows:

    a. On August 15, 2024, Defendant Henshilwood paid herself $40,840.39 through Plaintiff's payroll provider, Gusto.

    b. On September 17, 2024, Defendant Henshilwood transferred $28,571.60 from the Plaintiff's escrow account and into the operating account and then deposited $31,127.52 into Defendant Shawn Jones' Chase account

    c. On September 19, 2024, Defendant Henshilwood initiated an online transfer to Defendant Shawn's Chase account in the amount of $1407.27.

    d. On September 25, 2024, Defendant Henshilwood initiated another online transfer to Defendant Shawn's Chase Account in the amount of 1248.62.

    e. On September 24, 2024, Natalie paid $807.00 to Defendant Shawn Jones's Credit Card Ending in 1551.

    f. On September 30, 2024, Defendant Henshilwood drafted $12,169.17 from the Plaintiff's Escrow account to pay Defendant Shawn's Chase Credit ending in 1551.

## V.
## REQUESTED RELIEF

24. Plaintiff transmitted three presuit demands requesting Defendants to cease and desist further theft of money from Plaintiff's accounts. Defendants continued to access bank accounts

without authorization. Two police reports have been made. Plaintiff requests this Court to enter an order prohibiting Defendants from further unauthorized access of Plaintiff's bank accounts.

25.     Plaintiff has been damaged by Defendants actions and seeks return of the stolen money.

26.     Plaintiff seeks exemplary damages from Defendants to help ensure the foregoing actions are not made again by Defendants, again.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff Dash Title Corp respectfully requests that Defendants be cited to appear and answer, and, upon final hearing, Plaintiff be allowed to recover from Defendants as follows:

   a. A restraining order and a temporary injunction against Defendants preventing further actions that violate Plaintiff's rights;
   b. Damages resulting from Defendant's unlawful theft;
   c. Actual Damages;
   d. Exemplary damages to prevent Defendants from engaging in such unlawful conduct again;
   e. All reasonable and necessary attorney's fees incurred in the prosecution of this action, including conditional awards in the event of new trial or any appeal;
   f. All expenses and costs of court incurred by Plaintiff;
   g. Pre-judgment and post-judgment interest at the maximum legal rate; and
   h. all such other and further relief, special or general, at law or in equity, to which Plaintiff may show itself justly entitled.

Respectfully submitted,

*/s/Jason M. Klein*
Jason M. Klein
SBN: 24090211
jklein@grablemartin.com
700 Louisiana Street
Suite 3950
Houston, Texas 77002
Tel: (832) 390-2625
**Attorneys for Plaintiff**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Jason Klein on behalf of Jason Klein
Bar No. 24090211
jasonkleinlaw@gmail.com
Envelope ID: 93779912
Filing Code Description: Petition
Filing Description: Petition
Status as of 10/31/2024 12:10 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Jason ` M `Klein | | jklein@grablemartin.com | 10/31/2024 10:10:42 AM | SENT |