# EXHIBIT I

1/2/2025 11:38 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 95812589
By: Jarod Stirrup
Filed: 1/2/2025 11:38 PM

**CAUSE NO. 2024-76160**

| | | |
|---|---|---|
| **DASH TITLE CORP,**<br>**Plaintiff,** | §<br>§<br>§ | **IN THE DISTRICT COURT** |
| **v.** | §<br>§ | **HARRIS COUNTY, TEXAS** |
| **NATALIE HENSHILWOOD and**<br>**SHAWN JONES,**<br>**Defendants.** | §<br>§<br>§ | **333RD JUDICIAL DISTRICT** |

**NATATLIE HENSHILWOOD'S AND SHAWN JONES' ORIGINAL COUNTERCLAIM**

TO THE HONORABLE JUDGE OF SAID COURT:

Counter-Plaintiffs Natalie Henshilwood ("Ms. Henshilwood" or "Henshilwood") and Shawn Jones ("Mr. Jones" or "Jones"), individually and collectively referred to as "Counter-Plaintiffs," file this Original Counter-Claim against Counter-Defendant Dash Title Corp. ("Dash Title" or "Counter-Defendant") in response to Dash Title's baseless and malicious lawsuit.

Unofficial Copy Office of Marilyn Burgess District Clerk

## I.
## INTRODUCTION

1. Counter-Plaintiffs deny all allegations made by Dash Title and assert that Dash Title, acting through its officer and agent Veronica Corona ("Ms. Corona"), engaged in a pattern of unlawful conduct, including but not limited to breach of contract, fraud, defamation, assault, tortious interference with prospective business relations, malicious prosecution, and violations of federal and state law, causing Counter-Plaintiffs significant financial, emotional, and reputational harm.

2. Counter-Plaintiffs seek compensatory and punitive damages, declaratory and injunctive relief, attorney's fees, and all other relief to which they may be justly entitled. This Counter-Claim serves to not only defend against Dash Title's baseless claims, but to hold Dash Title accountable for its own wrongdoing.

## II.
## DISCOVERY LEVEL

3. This action should be governed by Discovery Control Plan Level 2.

4. Pursuant to Texas Rule of Civil Procedure 47, Henshilwood states that she seeks relief over $1,000,000 and nonmonetary relief.

Unofficial Copy Office of Marilyn Burgess District Clerk

## III.
## PARTIES

5. **Counter-Plaintiff Natalie Henshilwood** is an individual and resident of Harris County, Texas. Ms. Henshilwood was the co-founder and former President of Dash Title.

6. **Counter-Plaintiff Shawn Jones** is an individual and resident of Harris County, Texas. Mr. Jones formerly provided various services to Dash Title and had multiple financial relationships with the company.

7. **Counter-Defendant Dash Title Corp.** is a Texas corporation that has already appeared in this matter through counsel. Dash Title is the entity bringing the underlying lawsuit against the Counter-Plaintiffs.

## IV.
## FACTUAL BACKGROUND

8. Ms. Henshilwood and Ms. Corona co-founded Dash Title. Ms. Henshilwood, as President, played a key role in establishing, growing, and managing the business, and was ultimately responsible for the operations and strategic direction of Dash Title.

9. Mr. Jones contributed significant time, effort, and resources to Dash Title in various capacities, including software development, website development, business consulting, and financial management, all under a verbal agreement with Dash Title, which promised payment for those services.

10. Beginning in or around 2024, Ms. Corona initiated a series of actions designed to remove Ms. Henshilwood from the company and consolidate control to herself, all while engaging in increasingly erratic, hostile, and illegal behavior, all for her own personal benefit, and all to the detriment of Dash Title and the Counter-Plaintiffs. Eventually, Ms. Vasquez became President of Dash Title and Vasquez became Director of Operations.

11. Ms. Corona's unlawful behavior, coupled with Dash Title's subsequent breaches of contract, fraudulent activity, defamatory conduct, and malicious actions, have forced Ms. Henshilwood and Mr. Jones to seek legal recourse. Dash Title has now brought this baseless lawsuit to further its ongoing pattern of misconduct, bad faith, and retaliatory behavior against the Counter-Plaintiffs.

Unofficial Copy Office of Marilyn Burgess District Clerk

## V.
## CAUSES OF ACTION

### A. Breach of Contract (Ms. Henshilwood)

12. Counter-Plaintiffs hereby incorporate by reference all preceding paragraphs as if set forth at length herein.

13. Ms. Henshilwood and Dash Title entered into a valid and legally binding Employment Agreement on March 15, 2023, which outlined the terms of Ms. Henshilwood's employment, including her position as President, salary of $96,000 per year, semi-monthly payment of $4,000.00, bonus structure of $5,000.00 quarterly, benefits (including health insurance, which would have covered the recovery and rehabilitation from medical issues and surgeries), and termination provisions, including a severance payment of four months in the event of termination without cause. Dash Title breached this agreement, and its implied duty of good faith and fair dealing, in several ways, including but not limited to the following: the following ways:

a. **Failure to Pay Wages and Benefits:** Dash Title failed to provide Ms. Henshilwood with her agreed-upon salary, quarterly bonuses, and other benefits as stipulated in the Employment Agreement. Specifically, Dash Title failed to pay Ms. Henshilwood for the period from August 11, 2024, through August 15, 2024, plus 130 hours of accrued PTO, all in direct violation of the Employment Agreement and the Texas Payday Act (Tex. Lab. Code Ann. § 61.001 et seq.).

b. **Wrongful Termination:** Dash Title wrongfully terminated Ms. Henshilwood while she was on medical leave following surgery, in violation of the Employment Agreement. Dash Title failed to pay severance that was contractually due under the Employment Agreement.

c. **Breach of the Implied Covenant of Good Faith and Fair Dealing:** Dash Title's actions throughout this dispute demonstrate a breach of the implied covenant of good faith and fair dealing, which exists in every contract under Texas law. *See, e.g., Arnold v. National County Mut. Fire Ins. Co.*, 725 S.W.2d 165, 167 (Tex. 1987). This covenant required Dash Title to act honestly and fairly in fulfilling its contractual obligations. The failure to pay the contractually obligated wages and benefits, the wrongful termination of Ms.

Henshilwood while she was on medical leave, and the retaliatory actions of bringing the baseless lawsuit against Ms. Henshilwood, all demonstrate a breach of this covenant.

**B. Breach of Contract (Mr. Jones)**

14. Counter-Plaintiffs hereby incorporate by reference all preceding paragraphs as if set forth at length herein.

15. Mr. Jones and Dash Title had a verbal agreement, which is a binding and enforceable contract under Texas law, whereby Mr. Jones agreed to provide various services to Dash Title, including software development, website development, business consulting, and financial management. Dash Title agreed to pay Mr. Jones for his services, at a rate to be agreed upon. Dash Title breached the contract with Mr. Jones by failing to pay for the services rendered. For example, Mr. Jones provided website development and maintenance services for which he has not been paid.

**C. Fraud**

16. Counter-Plaintiffs hereby incorporate by reference all preceding paragraphs as if set forth at length herein.

17. Ms. Henshilwood and Mr. Jones allege that Dash Title, acting through its officer and agent Ms. Corona, engaged in fraudulent conduct, specifically regarding: the purported sale of Dash Title, as outlined in the Term Sheet signed on August 9, 2024, and other related transactions, and by attempting to steal and redirect the Counter-Plaintiffs' personal financial and banking records. This Term Sheet contains material misrepresentations of fact, including falsely characterizing the $200,000 investment by Bryan Bledsoe as a "debt" and misrepresenting Ms. Corona's ownership stake in the company. Dash Title's actions and inactions demonstrate a pattern of fraud, deceit, and dishonesty, with the intent to deceive, defraud, and harm both Ms. Henshilwood and Mr. Jones and to drive them out of the company in order to take full control. The Term Sheet is non-binding and terminated by its own terms, yet Corona contends that it effected a sale of Dash Title to her and has used it as evidence with one or more banks to perpetrate tortious and illegal activities against Counter-Plaintiffs.

18. Further, Dash Title, acting through Ms. Corona, committed fraud by falsely claiming that Ms. Henshilwood and Mr. Jones had committed theft, in her attempts to misappropriate Ms. Henshilwood's assets.

Unofficial Copy Office of Marilyn Burgess District Clerk

**D. Defamation and Disparagement**

19. Counter-Plaintiffs hereby incorporate by reference all preceding paragraphs as if set forth at length herein.

20. Ms. Corona, acting as an agent of Dash Title, made numerous false and defamatory statements about Ms. Henshilwood and Mr. Jones, both verbally and in writing, including on social media, in communications with third parties, in filings with the Texas Workforce Commission (TWC), in communications to financial institutions, and in other forums. These statements falsely accused Ms. Henshilwood of theft, fraud, and other misconduct, and accused Mr. Jones of complicity and other malfeasance, causing significant damage to their reputations and interfering with their ability to find new employment and secure business opportunities. For example, on or around August 2024, Ms. Corona posted false allegations on Facebook about Ms. Henshilwood, stating that she was a thief and was mishandling Dash Title's funds. These statements constitute defamation per se under Texas law and are actionable without proof of specific damages. Ms. Corona's actions are imputed to Dash Title, making the company liable for her defamatory statements. *See* Tex. Pattern Jury Charges - Business, Consumer, and Employment 81.1. Dash Title is liable for the actions of its agent, Ms. Corona, including her defamatory communications.

21. As a direct result of Veronica Corona's defamatory statements and fraudulent misrepresentations to Chase Bank which falsely accused Ms. Henshilwood and Mr. Jones of theft and other misconduct, Chase took a series of adverse actions against Ms. Henshilwood and Mr. Jones, including freezing and closing their personal and business accounts, reversing legitimate transactions, and improperly holding substantial sums of money belonging to them and their new business. These actions, based on Ms. Corona's knowingly false statements to Chase, caused significant financial losses to Ms. Henshilwood and Mr. Jones, including lost business income, overdraft fees, late fees, interest charges, damage to their credit scores, unilateral withdrawal of tens of thousands of dollars that belong to them and forced them to obtain high-interest loans and credit cards. Furthermore, Chase's actions, which included locking Ms. Henshilwood and Mr. Jones out of their online banking access, severely disrupted their ability to manage their finances, conduct business, and has caused them significant emotional distress, demonstrating the tangible harm inflicted upon them due to Ms. Corona's defamatory communications to the bank.

Unofficial Copy Office of Marilyn Burgess District Clerk

**E. Assault (Ms. Henshilwood)**

22. Counter-Plaintiffs hereby incorporate by reference all preceding paragraphs as if set forth at length herein.

23. On or about March 2024, Ms. Corona physically assaulted Ms. Henshilwood on company property. This assault caused Ms. Henshilwood physical harm and emotional distress. This intentional act of violence constitutes assault and battery under Texas law, creating a separate cause of action against Dash Title and Ms. Corona. *See Gessner v. B.C. Brake & Clutch, Inc.*, 478 S.W.2d 867, 870 (Tex.Civ.App.—Beaumont 1972, writ ref'd n.r.e.). Ms. Henshilwood reported the assault to the Harris County Sheriff's Office, HCSO Case Number 2403-0166. Dash Title is liable for the actions of its agent, Ms. Corona, including her physical assault on Ms. Henshilwood.

**F. Tortious Interference with Prospective Business Relations (Ms. Henshilwood and Mr. Jones)**

24. Counter-Plaintiffs hereby incorporate by reference all preceding paragraphs as if set forth at length herein.

25. Dash Title, acting through Ms. Corona, engaged in a deliberate and malicious campaign to interfere with Ms. Henshilwood's and Mr. Jones's abilities to secure new employment and business opportunities. Ms. Corona contacted potential employers, business partners, and clients and made false and defamatory statements about both Ms. Henshilwood and Mr. Jones. These actions constitute tortious interference with prospective business relations under Texas law. *See, e.g., Prudential Ins. Co. of Am. v. Fin. Review Servs., Inc.*, 29 S.W.3d 74, 77 (Tex. 2000). Dash Title is liable for the actions of its agent, Ms. Corona, including tortious interference with prospective business relations.

**G. Malicious Prosecution (Ms. Henshilwood and Mr. Jones)**

26. Counter-Plaintiffs hereby incorporate by reference all preceding paragraphs as if set forth at length herein.

27. Dash Title, acting through Ms. Corona, has initiated a groundless lawsuit against Ms. Henshilwood and Mr. Jones, without probable cause, with malice, and for the improper purpose of retaliation. Dash Title also filed false police reports and made false allegations against Ms.

Unofficial Copy Office of Marilyn Burgess District Clerk

Henshilwood. This constitutes malicious prosecution under Texas law, as the claim was initiated without any basis in fact, with malicious intent to harass and harm, and caused significant damages to Ms. Henshilwood and Mr. Jones. *See* Tex. Pattern Jury Charges – Business, Consumer, and Employment 111.1.

**H. Violation of Federal Law: Obstruction of Correspondence (Ms. Henshilwood)**

28. Counter-Plaintiffs hereby incorporate by reference all preceding paragraphs as if set forth at length herein.

29. Dash Title, acting through its agent, Ms. Corona, committed a federal crime when she fraudulently redirected the mail of Ms. Henshilwood without her authorization, in violation of federal law for obstruction of correspondence (18 U.S.C. § 1702), for the purpose of illegally stealing Ms. Henshilwood's private financial information. Dash Title is liable for the actions of its agent, Ms. Corona, including her violation of federal law.

**I. Conversion**

30. Counter-Plaintiffs hereby incorporate by reference all preceding paragraphs as if set forth at length herein.

31. Dash Title, acting through its agent, Ms. Corona, has intentionally and unlawfully exercised dominion and control over Ms. Henshilwood's personal property, effectively converting that property to its own use and benefit, in violation of Texas law. *See Waisath v. Lack's Stores, Inc.*, 474 S.W.2d 444, 447 (Tex. 1971). After Ms. Corona wrongfully terminated Ms. Henshilwood and changed the locks to the Dash Title office, Ms. Henshilwood left personal property at the Dash Title office. This property includes, but is not limited to office property, personal property, personal effects, and other items of value. Ms. Henshilwood has made repeated demands to Dash Title and Ms. Corona for the return of her property, and Dash Title has refused to return the property or to allow Ms. Henshilwood access to the Dash Title office with a person to assist her to retrieve it. Dash Title's actions constitute an unlawful conversion of Ms. Henshilwood's property, causing Ms. Henshilwood damages in the amount of the value of the property, in an amount to be calculated.

Unofficial Copy Office of Marilyn Burgess District Clerk

**J. Tortious Interference with Contract (Ms. Henshilwood and Mr. Jones)**

32. Counter-Plaintiffs hereby incorporate by reference all preceding paragraphs as if set forth at length herein.

33. Counter-Plaintiffs had valid and existing account agreements with Chase Bank, a national banking association, related to both their personal and business accounts. These agreements conferred upon Counter-Plaintiffs valuable contractual rights, including the right to access their funds, conduct banking transactions, and maintain a banking relationship with Chase.

34. Ms. Corona, individually and as an agent for Dash Title, was aware of the existence of these account agreements between Counter-Plaintiffs and Chase Bank.

35. Ms. Corona intentionally and maliciously interfered with these contractual relationships by making false and defamatory statements to Chase Bank about Counter-Plaintiffs, including but not limited to falsely accusing them of theft, fraud, and other misconduct. She also misrepresented facts to Chase Bank and provided them with falsified documents.

36. Ms. Corona's interference was willful, intentional, and without justification or excuse. She acted with the specific intent to harm Counter-Plaintiffs and to disrupt their banking relationships with Chase Bank.

a. As a direct and proximate result of Ms. Corona's tortious interference, Chase Bank took adverse actions against Counter-Plaintiffs, including:
b. Freezing and closing their personal and business accounts;
c. Reversing legitimate transactions;
d. Withholding funds belonging to Counter-Plaintiffs;
e. Locking Counter-Plaintiffs out of their online banking access; and
f. Damaging Counter-Plaintiffs' credit reputations.

37. Ms. Corona's actions proximately caused the breach and/or disruption of the account agreements between Counter-Plaintiffs and Chase Bank.

38. As a direct and proximate result of Ms. Corona's tortious interference, Counter-Plaintiffs have suffered damages, including but not limited to:

a. Lost access to their funds;
b. Lost business income and opportunities;
c. Damage to their credit reputations;
d. Fees, interest charges, and other expenses incurred as a result of the account closures and restricted access;

Unofficial Copy Office of Marilyn Burgess District Clerk

e. Costs associated with obtaining alternative banking arrangements; and

f. Severe emotional distress.

39. Ms. Corona's conduct was malicious, intentional, and egregious, and warrants an award of punitive damages to deter similar behavior in the future.

Unofficial Copy Office of Marilyn Burgess District Clerk

## VI.
## DAMAGES

40. As a direct and proximate result of Dash Title's breaches of contract and other unlawful conduct, Counter-Plaintiffs have suffered substantial damages, including:

a. **Lost Wages and Benefits (Ms. Henshilwood):** Lost wages and income in unpaid salary, bonuses, and benefits (including health insurance and PTO), as well as severance, as required by the Employment Agreement and the Texas Payday Act.

b. **Lost Business Income (Mr. Jones):** Lost income from business opportunities, contracts, and agreements related to his services to the Company.

c. **Lost Business Opportunities (Ms. Henshilwood and Mr. Jones):** Lost income from potential new employment opportunities and clients due to Dash Title's tortious interference and defamatory conduct.

d. **Lost Investment (Ms. Henshilwood):** Ms. Henshilwood has lost her investment in Dash Title due to the misconduct of Dash Title and its agent, Ms. Corona.

e. **Further Actual Damages and Lost Monies (Ms. Henshilwood and Mr. Jones):** Ms. Henshilwood and Mr. Jones lost $90,000 or more—in an amount to be calculated—as a result of the defamation and interference as to their contracts, relationships and accounts with Chase Bank involving numerous personal and business accounts

f. **Converted Property (Ms. Henshilwood):** Ms. Henshilwood's property has been wrongfully retained by Dash Title and its agent, Ms. Corona.

g. **Damage to Reputation (Ms. Henshilwood and Mr. Jones):** Significant harm to Counter-Plaintiffs' professional reputations due to the defamatory statements of Dash Title and its agent, Ms. Corona.

h. **Emotional Distress (Ms. Henshilwood):** Severe emotional distress caused by the assault, harassment, and defamation.

i. **Personal Injuries, Pain and Suffering in the Past and Future, and Mental Anguish in the Past and Future:** Caused by the assault committed by Ms. Corona, for which Dash Title is also vicariously liable.

j. **Emotional Distress (Mr. Jones):** Severe emotional distress caused by the harassment and defamation.

k. **Punitive Damages:** Dash Title's malicious and egregious conduct, perpetrated by its agent Ms. Corona, warrants an award of punitive damages to deter similar behavior in the future. *See* Tex. Civ. Prac. & Rem. Code § 41.003.

l. **Attorney's Fees and Costs:** Incurred by the Counter-Plaintiffs in pursuing this Counterclaim and in defending against the underlying action.

## VII.
## DECLARATORY AND INJUNCTIVE RELIEF

41. Counter-Plaintiffs seek a declaratory judgment from this Court clarifying their rights and obligations under the Employment Agreement, the agreement with Mr. Jones related to his services, and related to the validity of all contracts related to Dash Title.

42. Counter-Plaintiffs seek injunctive relief to prevent Dash Title and Ms. Corona from making any further defamatory statements, engaging in tortious interference, and to protect the Counter-Plaintiffs' privacy rights and rights related to private information. Specifically, this injunction should:

a. Prohibit Dash Title and any of its agents, officers or employees from making any further false statements about Ms. Henshilwood or Mr. Jones to third parties, including on social media, to potential employers, or to clients.

b. Order the removal of all existing defamatory statements from social media and online platforms.

c. Prohibit Dash Title and its agents from contacting the Counter-Plaintiffs' potential employers or clients.

## VIII.
## VICARIOUS LIABILITY OF DASH TITLE

43. Dash Title is vicariously liable for the tortious and unlawful conduct of its agent, Veronica Corona, under the theories of *respondeat superior* and principal-agent liability.

Unofficial Copy Office of Marilyn Burgess District Clerk

44. At all relevant times, Ms. Corona was acting as an agent and/or employee of Dash Title, and Dash Title had granted Ms. Corona the authority to act on its behalf in the management and operation of the business.

45. Ms. Corona's wrongful actions, including but not limited to her defamation of Ms. Henshilwood and Mr. Jones, her assault on Ms. Henshilwood, her tortious interference with Ms. Henshilwood's and Mr. Jones's prospective business relations, her fraudulent conduct, and her conversion of Ms. Henshilwood's property, were all committed within the course and scope of her employment and/or agency with Dash Title.

46. Dash Title, as the principal, is liable for the torts of its agent, Ms. Corona, committed within the scope of her authority. *See, e.g., Baptist Mem'l Hosp. Sys. v. Sampson*, 969 S.W.2d 945, 947 (Tex. 1998).

47. Dash Title is also liable for the negligence of Ms. Corona under the theory of respondeat superior, as her actions were committed in the furtherance of Dash Title's business and for the accomplishment of the objectives for which she was employed.

48. Therefore, Dash Title is jointly and severally liable for all damages caused by Ms. Corona's wrongful conduct.

Unofficial Copy Office of Marilyn Burgess District Clerk

## VIV.
## PRAYER FOR RELIEF

49. WHEREFORE, PREMISES CONSIDERED, Counter-Plaintiffs pray for judgment against Counter-Defendant Dash Title Corp. as follows:

a. That the Court grant judgment for Counter-Plaintiffs on their individual or joint claims for breach of contract, fraud, defamation, assault, tortious interference, malicious prosecution, and violation of federal and state law.

b. That the Court award Counter-Plaintiffs compensatory damages in an amount to be determined at trial, including all damages described in the section entitled "VI. Damages," plus pre- and post-judgment interest.

c. That the Court award Counter-Plaintiffs punitive damages in an amount sufficient to punish and deter Dash Title and its agents from engaging in similar conduct in the future.

d. That the Court enter a declaratory judgment clarifying Ms. Henshilwood's rights and obligations under the Employment Agreement and Mr. Jones's contracts, and confirming that the Term Sheet does not constitute a valid agreement for the sale of Dash Title.

e. That the Court issue a permanent injunction prohibiting Dash Title and its agents from making further defamatory statements, engaging in tortious interference, violating federal law, or otherwise harassing Counter-Plaintiffs.

f. That the Court order Dash Title to pay Counter-Plaintiffs' reasonable attorney's fees and costs of court.

g. That the Court grant all other relief to which Counter-Plaintiffs may be justly entitled.

Unofficial Copy Office of Marilyn Burgess District Clerk

Respectfully submitted,

**HENDERSHOT COWART P.C.**

By: */s/ Simon W. Hendershot, III*
SIMON W. HENDERSHOT, III
State Bar No. 09417200
trey@hchlawyers.com
Philip D. Racusin
State Bar No. 24054267
pracusin@hchlawyers.com
1800 Bering Drive, Suite 600
Houston, Texas 77057
Telephone: (713) 783-3110
Facsimile: (713) 783-2809
E-Service:
trey@hchlawyers.com;
pracusin@hchlawyers.com;
paralegals@hchlawyers.com; and
netdocs@hchlawyers.com

**ATTORNEYS FOR COUNTER-PLAINTIFFS NATALIE HENSHILWOOD AND SHAWN JONES**

**CERTIFICATE OF SERVICE**

I hereby certify that on this 2nd day of January 2025, a true and correct copy of the foregoing was served on all counsel of record via the electronic filing manager, pursuant to Texas Rules of Civil Procedure 21 and 21a.

*/s/ Philip D. Racusin*
PHILIP D. RACUSIN

Unofficial Copy Office of Marilyn Burgess District Clerk

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Philip Racusin on behalf of Simon Hendershot III
Bar No. 9417200
PRacusin@gmail.com
Envelope ID: 95812589
Filing Code Description: Counter Claim/Cross Action/Interpleader/Intervention/Third Party
Filing Description: Natalie Henshilwood and Shawn Jones's Original Third-Party Petition
Status as of 1/3/2025 8:17 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Jason ` M `Klein | | jklein@grablemartin.com | 1/2/2025 11:38:19 PM | SENT |
| Trey Hendershot | | Trey@hchlawyers.com | 1/2/2025 11:38:19 PM | SENT |
| Philip Racusin | | PRacusin@hchlawyers.com | 1/2/2025 11:38:19 PM | SENT |
| Paralegals Service | | paralegals@hchlawyers.com | 1/2/2025 11:38:19 PM | SENT |
| Paralegals Service | | paralegals@hchlawyers.com | 1/2/2025 11:38:19 PM | SENT |

Unofficial Copy Office of Marilyn Burgess District Clerk